UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kareem Rhodes,

        Petitioner,

v.

Nick Ludwick, Warden,

        Respondent.

_____/

Case: 2:07-cv-15256

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

        At a session of said Court, held in U.S.
District Courthouse, Eastern District
  of Michigan on July 17, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                UNITED STATES DISTRICT COURT JUDGE

Kareem Rhodes ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions for (1) possession with intent to deliver 1,000 grams or more of cocaine in violation of Mich. Comp. Laws § 333.7401 and (2) conspiracy to possess with intent to deliver 1,000 grams or more of cocaine in violation of Mich. Comp. Laws § 750.157a. For the reasons set forth below, this Court denies Petitioner's request for a writ of habeas corpus.

I.      **Factual and Procedural History**

In 2005, Petitioner was convicted of possession with intent to deliver and conspiracy to possess with intent to deliver 11 kilograms of cocaine. Petitioner was tried with co-defendants Ronnie Turrentine ("Turrentine") and Brian Lott ("Lott").

On February 11, 2004, Macomb County police went to an Extended Stay Motel in Roseville, Michigan, to conduct surveillance on a Chevrolet Blazer in response to information that the vehicle was involved in trafficking narcotics. The car, rented and driven by Turrentine, was pulled over by the officers. A police dog subsequently alerted officers to the rear of the vehicle. A search of the gas tank revealed 11 socks containing a white substance that was later identified as cocaine. Officers were then instructed to return to the motel to secure Turrentine's room. The motel clerk informed the police that two other men were staying in the room with Turrentine.

Macomb County officers subsequently observed Petitioner and Lott at the motel attempting to enter Turrentine's room with a room key. The officers stopped Petitioner and Lott and placed them under arrest. Lott then consented to a search of his vehicle in response to the officers' request. Inside the trunk they recovered a tool box that smelled like gasoline, tools that could be used to physically alter a gas tank, a pail smelling of gasoline, zip ties, latex gloves, two heat-sealers, and rolls of FoodSaver heat-sealable plastic bags.

After signing a Miranda waiver form, Lott told Macomb County Sergeant Terrance Mekoski that he was going to stay with his "long time friend," Turrentine, at the

Extended Stay Motel. (Tr. 1/13/05 at 110.) He also indicated that he had been "driving around" with Petitioner all day and that they had been socializing with women. (*Id.* at 111-112.) Petitioner, after signing a Miranda waiver form, spoke to Sergeant Mekoski and confirmed Lott's story that they had been socializing throughout the day. He also stated that "they" were planning to take the cocaine found in Turrentine's car to a house in east Detroit and that money was to be obtained in exchange. (*Id.* at 114-116, 118.) According to Petitioner, his "take" from the transaction was to be $170,000. (*Id.* at 116.)

Petitioner, Turrentine, and Lott were subsequently charged in state court with possession with intent to deliver 11 kilograms of cocaine and conspiracy to possess with intent to deliver 11 kilograms of cocaine. They were tried jointly before a jury in Macomb County, Michigan. At trial, Petitioner's counsel moved to have Petitioner's arrest declared illegal and his conversation with the police suppressed. The trial court denied the motion. Both Lott's and Petitioner's statements to Sergeant Mekoski were, thereafter, entered into evidence through the testimony of the officer. Defense counsel did not object to this evidence.

On January 14, 2005, the jury convicted Petitioner of possession with intent to deliver and conspiracy to possess with intent to deliver 11 kilograms of cocaine. Petitioner thereafter appealed his conviction in the Michigan Court of Appeals. On April 17, 2007 the Michigan Court of Appeals affirmed his conviction. *People v. Rhodes,* No. 261276, 2007 LEXIS 1032 (Mich. Ct. App. Apr. 17, 2007) (unpublished opinion). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court,

3

which the Court denied on October 17, 2007. *People v. Rhodes*, 480 Mich. 911, 739 N.W.2d 616 (2007). Petitioner filed his pending petition for a writ of habeas corpus on December 12, 2007.

## II.     Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has decided on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is

an "unreasonable application of" clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Furthermore, relief is available under the "unreasonable application" clause "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407, 120 S. Ct. At 1520; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state court's decision was "objectively unreasonable" and not simply erroneous or incorrect. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (citations omitted); *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

### III. Analysis

In his petition, Petitioner raises five grounds in support of his request for federal habeas corpus relief: (1) there was insufficient evidence to support his conviction of conspiracy to possess with intent to deliver cocaine, thereby violating his Fifth and Sixth Amendment rights; (2) admission of Lott's comments to the police violated the Confrontation Clause and Petitioner's right to a fair trial under the Sixth Amendment (3) Petitioner's initial arrest violated his Fourth Amendment right to be free of unreasonable searches and seizures; (4) there was prosecutorial misconduct in the form of a *Brady* violation which deprived him of his right to a fair trial under the Sixth Amendment; and, (5) ineffective assistance of counsel relating to the litigation of his Fourth Amendment

5

claim.

### A. Sufficiency of Evidence

Petitioner claims that there was insufficient evidence presented at trial to support his conviction of conspiracy to possess with intent to deliver cocaine under Michigan law. A federal court's review of the evidence must focus on "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). When applying this standard, a federal court must give deference to the state court's resolution of facts, examining the state court proceedings for "an unreasonable determination of the facts in light of the evidence presented . . ." 28 U.S.C. § 2254(d)(2); *see also Martin v. Mitchel*, 280 F.3d 594, 617 (6th Cir. 2002). Furthermore, the *Jackson* standard of review is to be applied "'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Parker v. Renico,* 506 F.3d 444, 447 (6th Cir. 2007) (quoting *Jackson*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16).

Petitioner was convicted of conspiracy to violate Michigan Compiled Laws Section 333.7401(2)(a)(i), of which the elements are: (1) the defendant knowingly possessed a controlled substance; (2) the defendant intended to deliver this substance to someone else; (3) the substance possessed was cocaine and the defendant knew it was cocaine; and (4) the substance was in a mixture that weighed 1,000 grams or more. *People v. Crawford*, 458 Mich. 376, 389, 582 N.W.2d 785, 792 (1998). Under Michigan

law, a conspiracy is defined as "'a partnership in criminal purpose.'" *People v. Blume*, 443 Mich. 476, 481, 505 N.W.2d 843, 847 (1993) (quoting *People v. Atley*, 392 Mich. 298, 310, 220 N.W.2d 465 (1974)). "Establishing a conspiracy requires evidence of specific intent to combine with others to accomplish an illegal objective." *Id*. "[I]t is well established that it is not necessary that each of the co-conspirators have full knowledge of the extent of the conspiracy: A person may be a party to a continuing conspiracy by knowingly co-operating to further the objective thereof." *People v. Hunter*, 466 Mich. 1, 7, 643 N.W.2d 218, 221 (2002) (citations omitted). Moreover, the elements of the offense can be proven "by circumstantial evidence and reasonable inferences arising from that evidence, just as it can be established by direct evidence. . . ." *Id*.

The Michigan Court of Appeals found sufficient evidence presented at trial to establish Petitioner's guilt of conspiracy to possess with intent to deliver 11 kilograms of cocaine. The court provided:

> . . . After defendant Turrentine was arrested, defendant Rhodes and Defendant Lott tried to enter Turrentine's motel room. Defendant Lott and defendant Turrentine had a key to the room.
>
> The cocaine was hidden in the gas tank of defendant Turrentine's rental car, and was inside heat-sealed plastic bags, which in turn were placed in 11 tube socks tied with zip ties. The car's tank had been tampered with and the drive shaft bolts had been loosened. Defendant Turrentine did not possess any tools for this job, but defendant Lott's car contained a toolbox that smelled like gasoline. Inside the toolbox was a specialized tool to remove the car's drive shaft,

> latex globes, a sponge, heat-sealing FoodSaver devices, three rolls of FoodSaver bags, and twist ties.
>
> Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant Rhodes, defendant Turrentine, and defendant Lott were all part of a concerted effort to distribute 11 kilograms of cocaine.
>
> This conclusion is further supported by defendant Rhodes's statements to the police in which he admitted his involvement in a scheme to sell the cocaine to others.

*Rhodes*, 2007 LEXIS 1032, at *3-4. The state court's application of *Jackson* and determination of the facts were reasonable.

The police found 11 socks containing cocaine in the gas tank of Turrentine's car. (Tr. 1/12/05 at 186, 191.) Lott and Petitioner then were observed trying to enter the room registered to Turrnetine with a room key. (Tr. 1/13/05 at 7-8.) A subsequent search of Lott's vehicle revealed tools necessary to alter an automobile gas tank and the same items that were used to protect the cocaine. (Tr. 1/12/05 at 199, 201.) Lott and Petitioner subsequently indicated that they had been together throughout the day. (Tr. 1/13/05 at 7-8, 111.) Petitioner told the police that they were to deliver the cocaine to the "east side of Detroit" for money and that his "take" from the transaction would have been $170,000. (*Id.* at 115-116.) As there was sufficient evidence to convict Petitioner of conspiracy to possess with intent to deliver 11 kilograms of cocaine, the Court concludes that he is not entitled to habeas relief based on this claim.

### B.     Confrontation Clause

Petitioner claims that Lott's statements to Sergeant Mekoski should not have been admitted at trial because they constituted inadmissible hearsay and because their admission violated Petitioner's rights under the Confrontation Clause of the United States Constitution. Usually, hearsay claims raised under state law are not cognizable as grounds for federal habeas relief. *Serra v. Michigan Dept. of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). However, in this case there is a Confrontation Clause issue due to the fact that Petitioner was unable to cross-examine Lott after his comments were admitted into evidence. Lott did not testify at their trial.

The Confrontation Clause provides all criminal defendants the right to confront and cross-examine the witnesses against them. *Davis v. Alaska*, 415 U.S. 308, 315, 94 S. Ct. 1105, 1110 (1973). The testimonial statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 1365 (2004). An individual's statement to police officers in the course of an interrogation is testimonial. *Id.* at 52, 124 S. Ct. at 1364.

Even if there is a Confrontation Clause violation, however, Petitioner is not entitled to federal habeas relief if the admission of Lott's statement was harmless. *Delaware v. VanArsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438 (1986). For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch,* 513 U.S. 432, 445, 115 S. Ct. 992,

9

999 (1995). In considering whether a Confrontation Clause error is harmless, a court should examine the following factors: (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; and, (4) the overall strength of the prosecution's case. *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003) (citing *VanArsdall*, 475 U.S. at 684, 106 S. Ct. at 1438).

In evaluating Petitioner's Confrontation Clause claim, the Michigan Court of Appeals found that there was a violation. *Rhodes,* 2007 LEXIS 1032, at *4. However, the Court found the error harmless:

> The statement that was admitted against defendant Rhodes was that defendant Lott told an officer that he was with "some other person" on the day of the arrests. Independent of defendant Lott's statement, however, the jury heard evidence, admissible against defendant Rhodes, that defendant Lott and defendant Rhodes both arrived at defendant Turrentine's motel room. Additionally, defendant Rhodes admitted to the police that he was with defendant Lott the day before their arrival at the motel and then again at the time defendant Lott and defendant Rhodes were arrested.

*Id.* The state court's decision was neither contrary to, nor involved an unreasonable application of, Supreme Court precedent and it was not based on an unreasonable determination of the evidence.

Lott's account taken by the police concerned Petitioner's and Lott's non-criminal activities leading up to their arrest. (Tr. 1/13/05 at 111-112.) According to Segeant Mekoski's trial testimony, Lott stated that ". . . while he was walking around the Eastland

10

Mall he happened to bump into Mr. Rhodes," and "himself and Mr. Rhodes got into his vehicle and they drove around. He believes that they hooked up with some girls." (Tr. 1/13/05 at 111-112.) Lott's statement to Sergeant Mekoski regarding his and Petitioner's activities, taken after he signed a Miranda waiver form and in response to the Sergeant's questions, was a testimonial statement. *See Crawford*, 541 U.S. at 52, 124 S. Ct. at 1364. Therefore, under *Crawford*, the admission of this testimonial statement into evidence without the opportunity for Petitioner to cross-examine Lott violates Petitioner's rights under the Confrontation Clause. Nevertheless, the admission of Lott's account was harmless.

First, the information provided by Lott, as conveyed by Sergeant Mekoski, was corroborated by Petitioner's own statement to the police. Furthermore, the testimony regarding Petitioner's social, non-criminal activities was not essential to the prosecution's case. Third, other significant evidence existed demonstrating Petitioner's guilt, such as the cocaine found in Turrentine's vehicle, the tools and materials found in Lott's vehicle, and Petitioner's conversation with the police. In light of the amount and quality of this other evidence, the state court did not err in concluding that Lott's account, as recounted by Sergeant Mekoski at trial, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *O'Neal,* 513 U.S. at 445, 115 S. Ct. at 994. Petitioner, therefore, is not entitled to habeas relief based on the trial court's admission of Lott's testimonial statement into evidence.

    **C.**    **Fourth Amendment Claim**

Petitioner claims that his Fourth Amendment rights were violated by his initial arrest. Furthermore, Petitioner states that his subsequent conversation with the police should have been suppressed as a result of his illegal arrest. The Michigan Court of Appeals rejected this claim on the basis that the police had probable cause to arrest petitioner. *Rhodes*, 2007 LEXIS 1032 at * 8. This claim is not cognizable on federal habeas review.

The United States Supreme Court has held that "[w]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976); *see also Harding v. Russell,* 156 Fed. App'x 740, 745 (6th Cir. 2005). Prior to trial, Petitioner moved to suppress his statement to the police. The trial court denied the motion. (Tr. 1/11/05 at 137.) As Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state court, this claim does not entitle Petitioner to habeas relief.

### D. Prosecutorial Misconduct Based on a *Brady* Violation

Petitioner claims that the prosecutor failed to disclose the identity of the "confidential informant," who allegedly told the police that the Chevrolet Blazer was involved in narcotics trafficking, resulting in a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). Respondent has answered that this claim is procedurally defaulted because Petitioner failed to raise it in the trial court.

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523-24 (1997)); see also 28 U.S.C. 2254 (b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix,* 520 U.S. at 525, 117 S. Ct. at 1523.  In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claim.

It is a violation of a defendant's right to a fair trial under the Sixth Amendment for the prosecution to fail to disclose information favorable to the defendant: "[s]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* 373 U.S. at 87, 83 S. Ct. at 1196-97.  There are three components to a *Brady* claim: (1) The evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999).  Analyzing Petitioner's *Brady* claim under a plain error standard, the

Michigan Court of Appeals rejected the claim:

> [D]efendant Rhodes has not shown that the prosecutor withheld exculpatory information. He hypothesizes that the prosecutor actually possessed more information about the source of information that led to the police investigation, but there is no support in the record for this claim. Further, defendant Rhodes has not provided any basis, beyond speculation, for concluding that further information concerning the identity of the source of the information would have been exculpatory.

*Rhodes*, 2007 LEXIS 1032, at *5.

As the Michigan Court of Appeals found, Petitioner has not made any showing that information regarding the alleged informant would have been favorable to his defense. Without any evidence beyond speculation that information regarding this "informant" would have been either "exculpatory" or "impeaching," Petitioner cannot succeed on his *Brady* claim. *Greene*, 527 U.S. at 281-82, 119 S. Ct. at 1948. Furthermore, the government is not required to disclose the identity of confidential informants. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *Id.* Petitioner has made no showing that the identity of this "informant" would have been essential to a fair trial. Therefore, for the aforementioned reasons, Petitioner is not entitled to federal habeas relief based on his *Brady* claim.

### E. Ineffective Assistance of Counsel

In his final claim, Petitioner asserts that his trial counsel was ineffective by failing to call the initial arresting officers to testify in support of Petitioner's claim that his initial

14

arrest was illegal.  Petitioner raised this issue in his direct appeal to the Michigan Court of Appeals, however the court did not address the issue.  Petitioner also claims that trial counsel was ineffective by failing to challenge the search of Turrentine's car.  The Michigan Court of Appeals rejected this claim, concluding that Petitioner lacked standing to challenge the search.  *Rhodes,* 2007 LEXIS 1032, at *5-6.  In his habeas petition, Petitioner argues that his trial counsel should have challenged the standing issue.  In his reply brief, however, Petitioner concedes that he lacked standing under established federal law.  (Reply at 12.)  Therefore, the court will not address this argument.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment.  *See Strickland v. Washington,* 466 U.S. 668, 685, 104 S. Ct. 2052, 2063 (1984).  A court must apply a two-prong test to determine whether a defendant received ineffective assistance of counsel.  First, a defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment.  *Id.* at 687, 104 S. Ct. at 2064.  Second, the defendant must show that the deficient performance prejudiced his defense.  *Id.*  With respect to the performance prong of this test, a defendant must identify acts that were "outside the wide range of professionally competent assistance."  *Id.* at 690, 104 S. Ct. at 2066.  "[J]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689, 104 S. Ct. at 2065.  A petitioner must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.*  To satisfy the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result

15

of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Petitioner claims that his trial counsel was ineffective for failing to call the officers who initially arrested him in order to establish that his arrest was illegal due to a lack of probable cause. Trial counsel can be considered ineffective for failing to litigate a Fourth Amendment issue. *See Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S. Ct. 2574, 2583 (1986). However, Petitioner's trial counsel did move at trial to declare Petitioner's arrest illegal. (Tr. 1/11/05 at 136-7.) The trial court considered the argument of Petitioner's counsel and denied the motion. (Tr. 1/11/05 at 137.) Petitioner has offered no evidence that the testimony of the arresting officers would have disputed the legality of his arrest. Therefore, his claim is speculative. Moreover, not calling the arresting officers to dispute the legality of Petitioner's arrest could be considered sound trial strategy, especially as Petitioner makes no showing that the testimony of the arresting officers would have corroborated his claims. Petitioner's trial counsel was not ineffective for failing to call the officer's who arrested Petitioner in support of the motion challenging the legality of Petitioner's arrest and thus, this claim does not support his request for habeas relief.

**IV.   Conclusion**

For the above reasons, this Court finds that the state court's adjudication of Petitioner's claims did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Petitioner, therefore, is not entitled to

16

habeas corpus relief.

Accordingly,

**IT IS ORDERED,** that Petitioner's application for a writ of habeas corpus is **DENIED**.

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Kareem Rhodes, #525499
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI   49660

Raina Korbakis, Esq.