UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kareem Rhodes,

       Petitioner,

v.

Nick Ludwick, Warden,

       Respondent.

_____/

Case: 2:07-cv-15256

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND DENYING A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in U.S.
District Courthouse, Eastern District
of Michigan on August 4, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  UNITED STATES DISTRICT COURT JUDGE

Kareem Rhodes ("Petitioner"), a Michigan prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state convictions for (1) possession with intent to deliver 1,000 grams or more of cocaine in violation of Mich. Comp. Laws § 333.7401 and (2) conspiracy to possess with intent to deliver 1,000 grams or more of cocaine in violation of Mich. Comp. Laws § 750.157a.  On July 17, 2009, this Court issued an opinion and order concluding that Petitioner is not entitled to habeas relief.  Presently before the Court is Petitioner's timely filed motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g).

Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. Petitioner raises the same arguments in support of his motion that he asserted in his habeas petition. Petitioner fails to convince the Court that it erred in analyzing the issues raised in his petition.

As to his insufficiency of the evidence claim, Petitioner argues that there was no evidence connecting him to Turrentine's or Lott's vehicle. Petitioner told Macomb County Sergeant Terrance Mekoski that he and Lott had been socializing throughout the day. He also told Sergeant Mekoski that "they" were planning to take the cocaine found in Turrentine's car to a house in East Detroit. Clearly, from this evidence, the jury could connect Petitioner to Lott's and Turrentine's vehicles and assume that Petitioner was aware of the contents of Lott's trunk– items used to modify the gas tank of Turrentine's vehicle in order to conceal the cocaine.

Petitioner contends that the Court erred in concluding that his statement to Sergeant Mekoski corroborated Lott's statement to the officer and that Petitioner's rights under the confrontation clause therefore were not violated when the officer testified regarding Lott's statement. Petitioner indicates that Lott's statement, unlike his own, placed Petitioner inside Lott's vehicle and established the elements of conspiracy to possess with intent to deliver over 1,000 grams of cocaine. These facts, however, also

2

were established by or at least were reasonably presumed from Petitioner's statement that he and Lott had been socializing throughout the day and that they intended to take the cocaine to a house in Detroit and exchange it for money. Even if Petitioner did not inform Sergeant Mekoski that he had been inside Lott's vehicle, Petitioner's statement regarding the plans for the cocaine– particularly that his take from the transaction was to be $170,000– rendered any admission of Lott's statement harmless.

Petitioner challenges this Court's analysis of his Fourth Amendment claim, contending that he did not have an opportunity to fairly and fully litigate this issue in the trial court. Even if Petitioner is correct, the claim lacks merit for the reasons set forth by the Michigan Court of Appeals in its April 17, 2007 decision. *People v. Rhodes*, 261276, 2007 LEXIS 1032 (Mich. Ct. App. April 17, 2007). Based on the information known to the officers before Petitioner's arrest– including the discovery of the cocaine in Turrentine's vehicle and that other individuals were staying in the motel room with Turrentine and their observation of Lott and Petitioner attempting to enter the room with a key– the officer's had probable cause to believe that Lott and Petitioner were involved in the conspiracy.

For the reasons discussed in this Court's prior decision, Petitioner's ineffective assistance of counsel claim and claim under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), lack merit.

In conclusion, the Court finds no palpable defect in its July 17, 2009 opinion and order. The Court further concludes that Petitioner has not made a substantial showing of

the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Stated differently, Petitioner fails to demonstrate that reasonable jurists would find its assessment of his constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  The Court therefore concludes that a certificate of appealability should not issue.  *Id*.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Kareem Rhodes, #525499
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI   49660

Raina Korbakis, Esq.

4